IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BRENT APPELDORN, | : Civil Action No. _____ |
| Plaintiff, | : |
| vs. | : |
| LAW OFFICE OF CURTIS O. BARNES, P.C. | : |
| Defendant. | : |

# COMPLAINT

Brent Apeldoorn, by his attorney Ray Johnson, for his claims against the Defendant states:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Brent Appeldorn, is a natural person residing in West Des Moines, Iowa.

4. Defendant Law Office of Curtis O. Barnes, P.C. is a debt collection law firm doing business in Iowa with its principle place of business located in Anaheim, California.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Defendant is attempting to collect an alleged debt from Mr. Appeldorn.

7. On November 4th and 6th of 2010, Defendant called Appeldorn leaving him two voicemails in an attempt to collect the alleged debt. Appeldorn's wife, Brooke Appeldorn, replied to each phone call informing the Defendant to direct all communication to Appeldorn's attorney.

8. On November 8, 2010, Defendant called again. Mrs. Appeldorn told the Defendant she had previously requested all communication be directed to Appeldorn's attorney and once again told the Defendant to contact Appeldorn's attorney. Defendant proceeded to call Mrs. Appeldorn a liar.

9. Defendant then called both of Mr. Appeldorn's sisters. Defendant told Appeldorn's sister that it needed to talk to Appeldorn regarding "a very serious legal matter" that it had just spoken with Brooke Appeldorn who "wasn't helpful at all" and said "Brent must not be a very good person at all".

10. Mr. Appeldorn then called the Defendant himself, told the Defendant to stop calling his family members and once again informed it to contact his attorney. Defendant said it would contact his attorney but then threatened to call him again the next day.

## V. FIRST CLAIM FOR RELIEF

11. Defendant violated the FDCPA. Defendant's violations include, but are not Limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Mr. Appeldorn at a time and place known to be inconvenient.

    b. Defendant violated 15 U.S.C. § 1692d(2) by using language that the natural consequence of which is to abuse the hearer.

    c. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not be legally be taken.

    d. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in an attempt to collect a debt or obtain information concerning a consumer.

    a. Defendant violated 15 U.S.C. § 1692c by communicating the fact of a debt to a person other than the consumer or a person who might reasonably be expected to be liable for the debt.

12. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

13. All facts and allegations of this Complaint are incorporated herein by reference.

14. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

    b. Defendant violated Iowa Code § 537.7103(4) by using fraudulent, deceptive or misleading representations or means to collect or attempt to collect a debt or to obtain information concerning a debtor;

    c. Defendant violated Iowa Code § 537.7103(1) (f) by threatening to take an action prohibited by this chapter or any other law.

    d. Defendant violated Iowa Code § 537.7103(5)(e) by calling Appeldorn when it was known, or should have been known, that he was being represented by an attorney.

    e. Defendant violated Iowa Code § 537.7103(2)(a) by using language that is intended to abuse the hearer and which by its utterance would incite an immediate breach of the peace.

    f. Defendant violated Iowa Code § 537.7103(a) by communicating the fact of a debt to a person other than the consumer or a person who might reasonably be expected to be liable for the debt.

15. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

    A. Actual damages.

    B. Statutory damages.

    C. Costs and reasonable attorney's fees.

    D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090

Fax: (515) 222-2656
Johnsonlaw29@aol.com

5